Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 88 | **DATE** | 5/16/2002 |
| **CASE TITLE** | USA vs. Ronald Richardson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies defendant's motion to dismiss Count 1 of the indictment (16-1).

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 2 3 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 02 CR 88 |
| | ) | |
| RONALD RICHARDSON | ) | |

DOCKETED
MAY 2 3 2002

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant Ronald Richardson has moved to dismiss Count 1 of the indictment against him, which alleges a violation of 18 U.S.C. §922(g)(1). For the reasons stated below, the Court denies Richardson's motion.

## Discussion

Richardson is charged in a two-count indictment. Count 1 alleges that on or about September 3, 2001, Richardson, having been convicted of a felony, possessed "a firearm, which had been transported in interstate commerce," in violation of 18 U.S.C. §922(g)(1). Count 1 goes on to allege that at the time, Richardson had two prior convictions for violent felonies and one prior conviction for a serious drug offense, thus bringing the case within the ambit of 18 U.S.C. §924(e), which provides for a mandatory minimum sentence of fifteen years imprisonment for violators of §922(g)(1) who have three prior convictions for violent felonies or serious drug offenses. Count 2 of the indictment alleges a violation of 26 U.S.C. §5861(e) regarding the same firearm.

Section 922(g)(1) provides that it is unlawful for any person convicted of a felony "to ship or transport in interstate or foreign commerce, *or possess in or affecting commerce, any*

*firearm or ammunition;* or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. §922(g)(1) (emphasis added).

In moving to dismiss Count 1, Richardson argues that the indictment's allegation that the firearm "had been transported in interstate commerce" is insufficient as a matter of law to satisfy the statutory element that the defendant possess the firearm "in or affecting commerce." Richardson acknowledges that the Supreme Court rejected this very argument with regard to §922(g)(1)'s predecessor statute in *Scarborough v. United States,* 431 U.S. 563 (1977), but he argues that *Scarborough* is not controlling for two reasons. First, he argues that *Scarborough* concerned a statute, 18 U.S.C. App. §1202(a), which has since been repealed and which was worded differently from §922(g)(1). Second, he argues that post-*Scarborough* changes in the Supreme Court's Commerce Clause jurisprudence require a narrower interpretation of §922(g)(1) than the interpretation of §1202(a)(1) that the Court adopted in *Scarborough*.

The Court rejects both of these arguments. First, though Richardson is technically correct that 18 U.S.C. App. §1202(a) was repealed, in reality what happened is that the statute was moved to a new spot within Title 18, in conjunction with a change in the statutory language that did not concern the particular offense with which Richardson is charged. Section 1202(a) was part of the Omnibus Crime Control and Safe Streets Act of 1968. It provided that a person who has been convicted of a felony "and who receives, possesses, or transports in commerce or affecting commerce" any firearm is guilty of an offense. *See Scarborough,* 431 U.S. at 567-68. Section 922(g) was enacted as part of section 4 of the Firearm Owners' Protection Act of 1986, Public Law 99-308. The legislative history of this provision indicates that its purpose was to

2

"combine[ ] in one section (18 U.S.C. 922(g)) all of the offenses related to sale of firearms to unqualified persons, and offenses of receipt, possession and transport of firearms by unqualified persons (or their employees) now divided between Title I of the Gun Control Act (18 U.S.C. 922(d), (g) and (h) and Title VII of the Omnibus Crime Control and Safe Streets Act (18 U.S.C. 1202(a) and (b))." H.R. Rep. 99-495, 99th Cong., 2d Sess. 23 (1986), *reprinted at* 1986 U.S. Code Cong. & Admin. News 1327, 1349 (1986). The same passage in the legislative history includes a statement that "[i]n subsection (b) [,] Title VII of the Omnibus Crime Control and Safe Streets Act of 1968 is repealed." *Id.* In other words, §1202(a) was essentially carried forward into §922(g)(1), and accordingly the fact that it was "repealed" by itself does not undermine *Scarborough*.

Section 922(g)(1) is not identical to former §1202(a), but the differences do not affect Richardson's case. Section 1202(a) barred felons from receiving, transporting, or possessing a firearm "in commerce or affecting commerce." Section 922(g)(1) likewise bars felons from possessing a firearm "in or affecting commerce." The commerce-related element of the offenses of receiving and transporting firearms has been changed, but Richardson is charged with possession, not receipt or transportation.

Richardson notes that §922(g)(1) now creates a dichotomy (actually a "trichotomy"): it bars -

(1) transportation of firearms "in interstate or foreign commerce";

(2) possession "in or affecting commerce" of a firearm or ammunition; and

(3) receipt of a firearm or ammunition "which has been shipped or transported in interstate or foreign commerce."

3

According to Richardson, an interpretation of the phrase "in or affecting commerce" as it relates to the offense of possession which renders unlawful the possession of a firearm that has traveled in interstate commerce does violence to the distinctions that Congress created, for it essentially makes the "commerce" element of the possession offense indistinguishable from that of the receipt offense, even though the two are worded differently. If Congress had written on a clean slate when it adopted §922(g)(1), we would agree with Richardson that these distinctly-worded passages could not be construed as meaning the same thing. But Congress did not write on a clean slate; it wrote on the backdrop of *Scarborough*. There is no reason to believe that in carrying forward virtually unchanged the provision interpreted by the Supreme Court just nine years earlier, Congress meant to change its meaning. Indeed, it is a well-established canon of statutory construction that "[w]hen administrative and judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates, as a general matter, the intent to incorporate its administrative and judicial interpretations as well." *Bragdon v. Abbott*, 524 U.S. 624, 645 (1998) (citing *Lorillard v. Pons*, 434 U.S. 575, 580 (1978)).

Richardson's second (but in fact his primary) argument is that the Supreme Court has a narrower view of the scope of authority granted to Congress by the Constitution's Commerce Clause than it did in 1977, and that a more restrictive interpretation of the phrase "in or affecting commerce" is necessary to avoid a finding that §922(g)(1) is unconstitutional. It certainly appears as though the Supreme Court is now applying a narrower construction of the Commerce Clause than it did at the time of *Scarborough*. The change appears to stem from the Court's ruling in *United States v. Lopez*, 514 U.S. 549 (1995), that a federal prohibition on possession of

4

firearms in the vicinity of schools exceeded the scope of authority granted to the federal government under the Commerce Clause. The Court premised its ruling on its conclusion that possession of guns in school zones was not an economic activity that might, in the aggregate, have a substantial effect on interstate commerce. *Id.* at 563-65. It noted that the statute contained "no requirement that [the defendant's] possession of the firearm have any concrete tie to interstate commerce," *id.* at 567, and it concluded that to uphold the statute under the "effect on commerce" theory propounded by the government would be tantamount to giving Congress "a general police power of the sort retained by the States." *Id.*

But this narrower view of the Commerce Clause, if that in fact is what *Lopez* heralded, does not assist Richardson in this case. Section 922(g)(1), unlike the statute addressed in *Lopez*, specifically requires that the firearm at issue (if not the defendant's possession of it) have a link with interstate commerce. For that reason, the Seventh Circuit held in *United States v. Bell*, 70 F.3d 495 (7th Cir. 1995), that a weapon possession charge under §922(g)(1) based on a claim that the weapon had traveled in interstate commerce survived a post-*Lopez* Commerce Clause challenge. *Id.* at 498. Richardson argues that *Jones v. United States*, 529 U.S. 848 (2000), a post-*Lopez* Commerce Clause decision that also postdates *Bell*, changes the analysis, but this Court does not agree. In *Jones*, the Court held that an owner-occupied residence not used for commercial purposes is not "property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce" within the meaning of the federal arson statute, 18 U.S.C. §844(i). The Court interpreted the phrase "used in interstate commerce" to mean "active employment for commercial purposes, and not merely a passive, passing, *or past* connection to commerce." *Id.* at 855 (emphasis added). Richardson argues that §922(g)(1) likewise should be

5

read to require that the firearm be *currently* "in commerce" – that is, at the time of the possession by the defendant.[1] But §922(g)(1) does not employ the term "used," and thus the Court's construction of that term, which was based on its ordinary meaning in common usage, *see id.*, has no bearing on the construction of §922(g)(1).

Richardson points out that the Court in *Jones* went on to say that its narrowing construction of §844(i) was "in harmony with the guiding principle that 'where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter.'" *Id.* at 857 (quoting *United States ex rel. Attorney General v. Delaware & Hudson Co.,* 213 U.S. 366, 408 (1909)). He argues that this principle likewise applies to §922(g)(1) and that this Court thus should adopt a narrowing construction similar to that used in *Jones*. But in addressing the constitutional questions that it sought to avoid in *Jones*, the Court focused on the requirement of commercial usage, not the requirement of *current* commercial usage. *See id.* at 857-58. In sum, this Court sees nothing in *Jones* that indicates that the Court would abandon its prior construction of the language now found in §922(g)(1). *Accord, e.g., United States v. Singletary,* 268 F.3d 196, 204 (3d Cir. 2001); *United States v. Santiago,* 238 F.3d 213, 216-17 (2d Cir. 2001); *United States v. Napier,* 233 F.3d 394, 401 (6th Cir. 2000). And even if the contrary were true, the fact remains that the Supreme Court has construed the language in §922(g)(1)'s predecessor, and it is for that Court, not this one, to determine whether its prior decisions should be overruled.

---

[1] In *United States v. Wesela,* 23 F.3d 656, 660 (7th Cir. 2000), the Court held that §922(g) survived a Commerce Clause challenge despite *Jones,* because the statute (unlike the one addressed in *Jones*) "specifically requires a link to interstate commerce," but it did not address whether the language at issue in this case should be construed more narrowly than *Scarborough* provides.

6

*Agostini v. Felton*, 521 U.S. 203, 237 (1997); *Singletary*, 268 F.3d at 205.

Richardson also raises, in his reply brief, a third basis for dismissal of Count 1. He argues that by failing to submit the "in or affecting commerce" element to the grand jury, the government violated the Fifth Amendment's guarantee that "[n]o person be held to answer for [an] ... infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. Amend. V. Richardson's contention is that only a charge which alleges the "commerce" element in the language of §922(g)(1) suffices, for he has a constitutional right to have the grand jury decide for itself whether possession of a firearm which "had been transported in interstate commerce," as Count 1 alleges, constitutes possession "in or affecting commerce." The Court disagrees. As we have held, proof that Richardson possessed a firearm that had been transported in interstate commerce is legally sufficient to satisfy the element of possession "in or affecting commerce." Richardson cites no case which holds that the legal sufficiency of that allegation, which the Supreme Court has already determined, is something that the grand jury must consider. And the fact that the government *may* simply use the statutory language in drafting an indictment does not mean that it *must* do so. The allegation provides fair notice of the charges – indeed it provides a more specific allegation of the nature of the alleged nexus with commerce than the statute's general language – and, as we have discussed, if proven at trial it provides a linkage to interstate commerce sufficient to sustain a conviction. Richardson benefits from this more focused allegation, for it limits the basis on which he can be convicted under Count 1. *See generally Stirone v. United States*, 361 U.S. 212 (1960).

## Conclusion

For the foregoing reasons, the Court denies defendant's motion to dismiss Count 1 of the

indictment [docket item 16-1].

                                                                                  _____
                                                                                     MATTHEW F. KENNELLY
                                                                                      United States District Judge

Date:   May 16, 2002